```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

D.A.N. JOINT VENTURE III, LP,        :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :     Civil No. 3:04cv546(RNC)
                                     :
JAMES M. COADY, JOANNE L. COADY,     :
and CONSTITUTION SECURITIES OF       :
FLORIDA, INC.                        :
                                     :
          Defendants.                :
_____      :
```

                      RULING ON PENDING MOTIONS

Pending before this court are: (1) Motion to Quash (Doc. # 105, filed by deposition witness Mahoney, Sabol & Co., LLC); (2) Motion for Protective Order (Doc. # 108, filed by dismissed defendant James M. Coady and his company, Golf Futures, LLC); (3) Motion to Expedite Consideration of Motion for Protective Order (Doc. # 113); (4) Motion to Expedite Consideration of Motion to Quash (Doc. # 115); and (5) Motion for Extension of Time for Discovery until April 23, 2008.  Upon review, it is hereby ordered:

I.   Motions to Expedite (Docs. # 113 and 115)

   The motions for expedited consideration of the Motion to Quash (Doc. # 105) and Motion for Protective Order (Doc. # 108) are GRANTED.

II. Motion to Quash (Doc. # 105)

Movant Mahoney, Sabol & Co., LLC, is an accounting firm. It has moved to quash plaintiff's 27-page Subpoena Duces Tecum served in conjunction with a deposition noticed for March 26, 2008.

The movant argues that, during tax season, it would be unduly burdensome to comply with and compile the array of documents requested by the plaintiff; however, "Mahoney Sabol [represents that it] is prepared to make the appropriate representatives available, with the requested documents, at a deposition on April 21 or 22, 2008." Doc. # 105 at 2.

Accordingly, the Motion to Quash is GRANTED in part. Mahoney, Sabol & Co., LLC, shall make its representative available for deposition and shall produce the documents requested by plaintiff, on April 21, 2008, or at such place and time which the parties determine is mutually convenient.

III. Motion for Protective Order (Doc. # 108)

Dismissed defendant James M. Coady and his company, Golf Futures, LLC, have moved to quash a series of subpoenas issued by plaintiff requiring Coady and Golf Futures to produce documents and appear for deposition. Mr. Coady claims that requiring him to participate in any additional discovery is unreasonably cumulative and duplicative because he already has produced

2

records and has been deposed in conjunction with a bankruptcy case now pending in the United States Bankruptcy Court for the Southern District of Florida.  See generally Doc. #108 at 2.

The plaintiff responds that it has had a difficult time locating and serving Mr. Coady, who is alleged to claim more than one state as his residence, and therefore seeks to preserve his testimony for use at trial.  In addition, the plaintiff represents that it will not require Mr. Coady to produce information and documents which he has already produced in conjunction with other litigation, but only information "that remains undisclosed by Mr. and Mrs. Coady about the sources of funds of the subject companies that are the subject matter of this case, as well as the nature and extent of the business operations and transactions of those companies."  Doc. # 112 at 3.

Federal Rule 26(b)(2) allows a court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative."  Under Rule 26(c)(1) the court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."

When seeking a motion to quash or for protective order, it is the movant's burden to demonstrate the propriety of an order prohibiting otherwise relevant discovery.  See Yash Raj Films v. Kumar, 2007 WL 3124557  * 4 (E.D.N.Y. Oct. 25, 2007).  Here, Mr.

Coady, individually and as his company's representative, has not met his burden. The mere fact that Mr. Coady has been deposed in conjunction with a Florida bankruptcy case does not excuse his obligation to comply with a subpoenas in this case because the plaintiff credibly argues that it seeks additional information peculiarly relevant to this matter. Furthermore, the movant shows no evidence of compliance with Rule 29(c), which requires certification that he has conferred in good faith with the other affected parties in an effort to resolve this discovery dispute.

The Motion for Protective Order is DENIED absent good cause shown.

IV. Emergency Motion to Modify Scheduling Order (Doc. # 116)

In light of the aforementioned rulings, the Motion to Modify is GRANTED in part and as follows: The discovery deadline is extended up to and including April 23, 2008, only as it pertains to the subpoena directed to Mahoney, Sabol & Co., which is the subject of the Motion to Quash (Doc. # 105). See Endorsement (Doc. # 91) (Chief Judge Chatigny indicates all other Scheduling Order dates "are firm and will not be extended").

SO ORDERED.

Dated at Hartford, Connecticut, this 27th day of March, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge