UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

D.A.N. JOINT VENTURE III, A     :
LIMITED PARTNERSHIP,            :
                                :
     Plaintiff,                 :
                                :
     v.                         :     Civil No. 3:04CV546 (RNC)
                                :
JAMES M. COADY, JOANNE L. COADY, :
AND CONSTITUTION SECURITIES OF  :
FLORIDA, INC.,                  :
                                :
     Defendants.                :
_____ :

RULING ON PENDING MOTIONS

Dismissed defendant James Coady ("Coady") and his company, Golf Futures L.L.C. previously moved to quash subpoenas issued by the plaintiff requiring them to produce documents and appear for deposition. On March 27, 2008, the court denied the motion for protective order for lack of good cause. (Doc. #121.) In the same ruling, the court granted the plaintiff's motion to modify the scheduling order in part, extending the discovery deadline as it pertained to the subpoena directed to an accounting firm, Mahoney, Sabol & Co. Pending before the court are: the plaintiff's motion for reconsideration of the court's ruling (doc. #122), Coady's motion for reconsideration and for protective order (doc. #123, 127), the plaintiff's motion for expedited consideration of Coady's motion (doc. #129) and Coady's second motion for protective order

(doc. #130).[1]  The court rules as follows:

1.   The plaintiff seeks reconsideration of that part of the court's March 27, 2008 order in which it extended discovery "only as it pertains to the subpoena directed to Mahoney, Sabol & Co." (Doc. #121 at 4.)  The plaintiff points out that the court denied Coady's motion for protective order in the order, which was just before the (then) discovery deadline of March 31, 2008.  The plaintiff requests that the court extend the discovery deadline so that the plaintiff may depose and obtain document production from Coady and his company.  The plaintiff's "motion for limited reconsideration of ruling on pending motions" (doc. #122) is granted.  The court's ruling extending discovery should have included the subpoenas directed to Coady and his company; the omission was inadvertent.  Accordingly, upon reconsideration, the discovery deadline is extended so that the plaintiff may depose and obtain document production from Coady and his company (as well as Mahoney, Sabol & Co.).  Any such depositions shall be completed within 45 days of this order.

2.   Coady moves to reconsider the court's order denying his motion for protective order.  He also moves for a protective order for deposition notices that were served after the court's ruling.  The motion for reconsideration is granted.  After careful

_____

[1]On July 23, 2008, the court (C.J. Chatigny) stayed the case with the exception of these pending motions regarding the deposition of James Coady.  See doc. #147.

consideration of the arguments articulated by the movant, the court adheres to its March 27, 2008 ruling denying his motion. Coady has not pointed to "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The movants point to no new evidence or case law and make no new arguments that the court overlooked in its prior decision. Accordingly, the motion for protective order is denied. (Doc. #127.)

3. The plaintiff's motion for expedited consideration of Coady's motion to reconsider and motion for protective order (doc. #129) is denied as moot.

4. Coady's second motion for protective order regarding deposition notices served in April (doc. #130) is denied.

SO ORDERED at Hartford, Connecticut this 11th day of September, 2008.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge